NAYES, Respondent, vs. THE MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*November 6, 1940—March 11, 1941.*

For the appellant there were briefs by *Shaw, Muskat &
Paulsen* of Milwaukee, and oral argument by *Carl Muskat.*

*Leo J. Kohn* and *John L. Newman,* both of Milwaukee, for
the respondent.

The following opinion was filed December 3, 1940:

ROSENBERRY, C. J.    The jury found both the plaintiff and
the defendant guilty of causal negligence.    These findings
must be sustained except as to causation as hereinafter stated.
The question here is whether the negligence of the plaintiff
was equal to or greater than that of the defendant.    It appears
from the evidence, stating it most favorably to the plaintiff,
that the accident happened at 7:15 p. m. on a bright clear
August day.    Plaintiff was perfectly familiar with the loca-
tion where the accident happened.    He was on his way to
visit a girl friend, and had alighted from cars at the same
place at least twice a week for three months prior to the
date of the accident.    At the time he moved around the west
or rear end of the eastbound car from which he alighted, he
knew that he might expect oncoming traffic from the east,
and says he listened but heard nothing.    The width of the
car was eight feet six inches.    The track was standard gauge,
four feet eight and one-half inches, the width of the rails
three inches.    The overhang of the car is twenty and one-half
inches.    The width of the space between the east and west-
bound tracks, known as the dummy space, is four feet nine
and five-eighths inches, measuring from the outside of each
rail.    The westbound car had an overhang of twenty and

one-half inches. The clearance or passing space between the two cars, making no allowance for swaying, was one foot four and five-eighths inches. If, as plaintiff says, he had his right foot on the north rail and was in the act of stepping forward with his left foot, his head and shoulders when he was struck must have been more than three feet to the north of his right foot in order for the westbound car to strike him. This is a very unnatural position. While it is not an impossible one, it casts some doubt upon plaintiff's statement. As plaintiff passed around the rear of the eastbound car he was in a place of safety. At the time he stepped forward to look, the eastbound car was either standing still or just starting up. When the plaintiff was struck by the westbound car he was thrown to the south of the westbound track, and after the accident lay in about the center of the eastbound track. This indicates that he was struck a glancing blow and was just entering the path of the westbound car. He was not thrown any distance and was not dragged. He testified that he saw the westbound car "just for the flash of an instant." When asked how far away the westbound car was when he saw it, he replied: "It must have been right there." The eastbound car was not a stationary object. If the plaintiff had waited but an instant, the eastbound car would have been on its way and he would have a clear vision of the traffic approaching from the east. Instead of that he stepped in front of the westbound car at a time when it was impossible for the motorman of the westbound car to do anything to prevent the accident. The jury found that the motorman was negligent with respect to keeping the car under control and with respect to speed. It is apparent that negligence in respect to keeping the car under control and speed could have contributed in no way to the plaintiff's injuries. No matter at what speed the westbound car was traveling, the plaintiff would have been hit just the same. The "flash of an instant" is certainly a very short period of time. The position in

which plaintiff said his body was does not permit of any other conclusion.

It is considered therefore that the negligence of the motorman with respect to speed and control of his car had no causal relation to the plaintiff's injuries. With respect to the negligence of the motorman in failing to ring the bell, or as the verdict has it, to give timely warning, we are cited to no case which makes it the duty of the motorman to ring a bell every time he meets a car moving in the opposite direction. Assuming, however, that he was under a duty to ring the bell and failed to do so, upon the whole case it is clear that of the whole causal negligence, that of the plaintiff in failing to keep a lookout and in entering the path of the westbound car, was equal to or greater than that of the defendant in failing to give a timely warning. This conclusion results from a consideration of the verdict after the elimination of the finding of the jury with respect to speed and keeping the car under control for the reason that these acts have no causal connection with the accident.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to dismiss plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs in one case, on March 11, 1941.